## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

TRACY B. LOCKETT, as father and next friend )
of TRACY B. LOCKETT, JR., deceased, )
                                      )
       Plaintiff, )
v. )            Civil Case No.: 05-510-BH-D
                                        )
OAKWOOD HOMES CORPORATION; )
OAKWOOD HOMES, INC.; REORGANIZED )
SALE OKWD, INC.; OAKWOOD MOBILE )
HOMES, INC.; HOMES BY OAKWOOD, INC.; )
et al. )
                                      )
       Defendants. )

## ORDER

This matter is before the Court on Plaintiff's Motion (Doc. 13) to Remand and Brief (Doc. 14) in support. In response (Docs. 17 & 18) to Plaintiff's motion, Defendants seek the Court to abstain from ruling until the Delaware Bankruptcy Court enters a final order concerning whether plaintiff's claims against Defendant "the Oakwood entities" may proceed.[1] Before addressing this issue, however, the Court does note that Defendants have not objected to Plaintiff's voluntary dismissal with prejudice of Defendants Clayton Homes, Inc. and Clayton Homes of Delaware, Inc. Therefore, Plaintiff's Motion (Doc. 12) is **due to be and hereby GRANTED** and Defendants Clayton Homes, Inc. and Clayton Homes of Delaware, Inc. are **due to be and hereby DISMISSED** from this action **with prejudice and, unless otherwise**

---

[1] As indicated in a previous Order (Doc. 9), the Court uses the title "the Oakwood entities" as a collective designation for the following defendants: OHC Liquidation Trust, as successor in interest to Oakwood Mobile Homes, Inc.; Oakwood Homes Corporation and HBOS Manufacturing, Inc (as successor in interest to Homes by Oakwood, Inc.) and Reorganized Sale OKWD, Inc.

agreed upon, with parties to bear their own costs.

**Motion to Remand**

On May 16, 2005, Plaintiff Lockett filed a Complaint in the Circuit Court of Marengo County alleging wrongful death product liability against Defendants Black Warrior Membership Corporation (hereinafter, "Black Warrior"), the Oakwood entities, Randy Allison and Rodney Sanspree. Black Warrior was served on May 17, 2005; the Oakwood entities and Sanspree were served on May 18, 2005; Allison was served on May 23, 2005. On July 29, 2005, Plaintiff amended his complaint to bring claims against Clayton Homes, Inc. and Clayton Homes Delaware, Inc (hereinafter "the Clayton entities"). The Clayton entities removed the entire case to this Court. The only basis cited for removal jurisdiction by the Clayton entities was under 28 U.S.C. §1452(a) and §1334(b) alleging that all of Plaintiff's claims were related to the Oakwood entities' Chapter 11 bankruptcy proceeding.

Pursuant to 28 U.S.C. §1446, defendants have thirty days after they receive service to remove the action from a State Court to a district court of the United States.[2] Of the Defendants named in the original Complaint, the last service occurred on May 23, 2005. Therefore, if any of these parties felt that the original Complaint contained an issue that required federal jurisdiction, they had to collectively file for, or consent to, removal at least before June 23, 2005. They failed to do so. It was only upon Plaintiff's service of the Clayton entities in August 2005 that the parties sought to remove the instant action to this court. However, the basis for this removal was the status of the Oakwood entities as Chapter 11 debtors. The Oakwood entities' status existed at the time of their service and during the subsequent thirty days they had to remove this action based on that status. Since Defendants failed to remove during the statutorily

---

[2] The 30 day time limit also applies to removal based upon bankruptcy jurisdiction. F.R.Bk.P. 9027(a)(3).

established time period, the Court finds that they effectively waived the option.  Therefore, the Court finds that Defendants removal is procedurally defective.  Furthermore, the Court finds that since the parties initiating removal, the Clayton entities, have been jointly dismissed from this action, they will not be prejudiced by this ruling.  Plaintiff's Motion (Doc. 13) to Remand **is due to be and hereby GRANTED**.  This matter is to be remanded to the Circuit Court of Marengo County.

The Court also declines Defendants' request to abstain from ruling on the issue of remand until the pending issue before the Delaware Bankruptcy Court becomes final.  As best the Court can tell, the issue before the Delaware Bankruptcy Court will not have any influence on this Court's jurisdiction.  Rather, the bankruptcy court only seems to be dealing with the issue of the which assets of the Oakwood entities, if any, Plaintiff may be able pursue.  Remanding this matter to state court will not negatively affect these issues.

**So ORDERED**, this 25th day of October, 2005.


_____s/ W. B. Hand_____
SENIOR DISTRICT JUDGE